UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN PAEZ PULIDO, A-241-366-775,<br><br>                Petitioner,<br><br>        v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>                Respondents. | No.  1:26-cv-01880-DC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges that he is a noncitizen currently detained by respondents pending immigration removal proceedings.  ECF No. 1 ¶¶ 12, 18.  Per petitioner, he previously had entered the United States and was taken into custody at that time, then released after two months of detention.  *Id*. at 6.  On January 28, 2026, he was arrested by Immigration and Customs Enforcement (ICE) and remains currently detained.  *Id*. ¶¶ 1, 19; *id*. at 20.  Since his January 2026 arrest, he has not been given a hearing by an Immigration Judge to

1

determine whether his current detention is justified, nor has he requested such a hearing. *Id*. at 2, 5-6.

In their response, respondents do not dispute petitioner's factual allegations. ECF No. 10. They further represent that petitioner is a native and citizen of Columbia who was first encountered by immigration enforcement on August 14, 2023, at which point he was placed in expedited removal proceedings. *Id*. at 2 & Ex. 1. At that time, petitioner claimed fear of returning to Columbia. *Id*. On October 4, 2023, petitioner was paroled from immigration custody. *Id*., Ex. 2. Petitioner's term of parole expired on October 4, 2024. *Id*. at 2. Respondents confirm that petitioner was re-arrested by ICE on January 28, 2026, and have provided the Record of Deportable / Inadmissible Alien form indicating that he was administratively charged at that time with violating section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id*., Exs. 3-4.

In his reply brief, petitioner does not contest respondents' factual representations. ECF No. 11; *see* 28 U.S.C. § 2248

**B. Procedural Background**

Petitioner initiated this action on March 9, 2026, and filed concurrently a motion to proceed in forma pauperis and motion for appointment of counsel. ECF Nos. 1-3. On March 13, 2026, the undersigned granted both motions, ECF No. 6, and, on March 20, 2026, appointed counsel for petitioner. ECF No. 7. Respondents timely filed an answer to the habeas corpus petition on April 2, 2026. ECF No. 10. Petitioner filed a reply brief on April 27, 2026. ECF No. 11.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

////

2

**DISCUSSION**

In his petition, petitioner raises a single claim for relief, that his current detention violates his rights to due process under the Fifth Amendment because he has not given a hearing before a neutral decisionmaker at which he has been found, by clear and convincing evidence, to be a flight risk or danger to the community, thus justifying his detention.  ECF No. 1 ¶¶ 46-49.  Respondents argue that petitioner was lawfully arrested under 8 U.S.C. § 1225(b)(1), that he is currently detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), and that his present detention is mandatory under that statutory section.  ECF No. 10 at 5-6.  Respondents argue that, by virtue of this statutory section's application to petitioner, he does not have a cognizable liberty interest for due process purposes.  *Id*. at 5-8.  The undersigned finds that petitioner has demonstrated that his current detention violates his procedural due process rights and recommends the petition be granted.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*; *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Here, petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach.  *See* ECF No. 1 ¶ 33.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678,

3

690 (2001). Since petitioner's entry to the United States several years ago, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including familial connections and employment. *See* ECF No. 1 at 6, 20; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025). Although respondents argue that petitioner's liberty interest was lessened or eliminated by virtue of his having been on parole for a year after his release in 2023, ECF No. 10 at 5, n.3, that position is irreconcilable with *Morrissey*, where the Court recognized that even a criminal parolee retains a liberty interest in remaining free from custody. *See Morrissey*, 408 U.S. at 482; *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*"). Moreover, even if respondents' argument was legally tenable, by respondents' own representations petitioner's parole ended in October 2024, and petitioner thereafter necessarily accrued an unattenuated liberty interest that is implicated by his January 2026 arrest. *See* ECF No. 10 at 2. Simply, petitioner's year of immigration parole from 2023 to 2024 does not defeat his liberty interest in remaining free from detention for the purposes of the due process analysis. *See*, *e.g.*, *Quiroga-Chaparro v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-1731 AC, 2025 WL 3771473, at *5 (E.D. Cal. Dec. 31, 2025) (collecting cases and concluding same); *see also Cheema v. Chestnut, et al.*, No. 1:26-CV-01238-DJC-CSK, 2026 WL 861646, at *4 (E.D. Cal. Mar. 30, 2026), *report and recommendation adopted*, No. 1:26-CV-1238 DJC CSK, 2026 WL 947019 (E.D. Cal. Apr. 8, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287, at *2 (E.D. Cal. Feb. 20, 2026); *Carlos H.S. v. Warden of Golden State Annex*, No. 1:25-CV-01924-TLN-CKD, 2025 WL 3724524, at *4 (E.D. Cal. Dec. 23, 2025); *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *4 (E.D. Cal. Dec. 9, 2025).

Respondents also argue that petitioner's lawful detention under 8 U.S.C. § 1225(b)(1)(B)(ii), abrogates his liberty interest. The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby

4

circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States. *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018); *but see Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (holding petitioner's liberty interest, for due process purposes, in remaining free from detention was not lessened by 8 U.S.C. § 1225(b)(1)(B)(ii))). Here, however, respondent fails to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b)(1)(B)(ii). By its plain language, section 1225(b)(1) applies to only those aliens who are "arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). The undisputed record before the court, however, is that petitioner had been previously entered the United States and had been paroled by immigration authorities, under 8 U.S.C. § 1182(d)(5). *See* ECF No. 10 at 2 & Ex. 2; *see also Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HC), 2025 WL 3280777, at *2 n.4 (E.D. Cal. Nov. 25, 2025) (explaining that 8 U.S.C. § 1182(d)(5) is the only authority for releasing on parole an alien who is purportedly subject to 8 U.S.C. § 1225(b)(1)(B)(ii)). As numerous courts have held, where a noncitizen alien has been previously paroled, he may not lawfully be redetained under 8 U.S.C. § 1225(b)(1)(B)(ii). *See Singh v. Albarran*, No. 1:25-CV-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025) (collecting cases); *see also Thakur P.B. v. Murray*, No. 1:26-CV-00170-TLN-JDP, 2026 WL 407748, at *3 (E.D. Cal. Feb. 13, 2026) (concluding same). Petitioner, therefore, has shown that he retains a strong interest in his ongoing liberty, within the meaning of *Mathews*, 424 U.S. at 335.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 1 ¶ 34. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-

01640-TLN-EFB, 2025 WL 3552841, at *5 (E.D. Cal. Dec. 11, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M.*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor. *See* ECF No. 1 ¶ 35. Absent a finding that petitioner is a flight risk or danger to the community, respondent's interest in petitioner's detention is low. *See Ortega*, 415 F. Supp. 3d at 970; see also *Hernandez*, 872 F.3d at 994. Here, respondents have represented that petitioner was arrested in 2025 for making criminal threats, but respondents do not argue that this arrest indicates petitioner's present flight risk or danger to the community. *See* ECF No. 10. To the extent that respondents' factual recitation is meant to imply that bond should not be granted, respondents make no argument as to why that determination could not be appropriately made by an Immigration Judge, at a hearing consistent with 8 U.S.C. § 1226(a) and its implementing regulations. *See id*. The effort and cost required to provide petitioner with such procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094; *Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge consistent with 8 U.S.C. § 1226(a) and its implementing regulations, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment. The District Court has held that, where a noncitizen, like petitioner, has been previously granted parole under 8 U.S.C. §

1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered, as a matter of due process, and that the petitioner is entitled to immediate release as a remedy where no such pre-deprivation hearing has been held. *See, e.g.*, *Singh v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00196-DC-AC (HC), 2026 WL 890451, at *1 (E.D. Cal. Apr. 1, 2026). Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted; respondents be ordered to release petitioner immediately; and respondents be enjoined from re-detaining him absent a hearing that complies with 8 U.S.C. § 1226(a) and its implementing regulations, and adequate notice of same. *See id.*; *Tinoco v. Noem*, No. 1:25-CV-01762-DC-JDP (HC), 2025 WL 3567862, at *8 (E.D. Cal. Dec. 14, 2025).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2) Respondents be ORDERED to immediately release petitioner, Jonathan Paez Pulido, A-241-366-775, from custody;

3) Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without at least seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered; and

4) The Clerk of Court be directed to serve the Warden of the Golden State Annex Detention Facility a copy of the District Court's order.

////

////

////

////

////

////

////

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE