UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN PAEZ PULIDO,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-01880-DC-EFB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 12, 13)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 4, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 12.  Respondents filed objections to the findings and recommendations, and Petitioner filed a response thereto.  ECF Nos. 14, 15.  In their objections, Respondents merely state that they object "[f]or the reasons stated in its responsive pleadings."  ECF No. 14.  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8

1

U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 12) are ADOPTED;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. Petitioner's motion for a temporary restraining order (ECF No. 13) is DENIED as having been rendered MOOT by this order;

3. Respondents are ordered to IMMEDIATELY release Petitioner Jonathan Paez Pulido (A-241-366-775) and are ordered to provide Petitioner with a copy of the release order at or near the time of release.  If Respondents have custody of Petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.) Respondents shall return those to Petitioner at the time of release;

4. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such

that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231); and

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility.

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

Dena Coggins
United States District Judge

3